# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JESSIE L. JONES,<br><br>               Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Civil Case No. 17-CV-884-JPS<br>Criminal Case No. 14-CR-226-2-JPS<br><br>**ORDER** |

The petitioner, Jessie L. Jones ("Jones"), pleaded guilty to conspiracy to commit Hobbs Act robbery. Case No. 14-CR-226-2-JPS ("Criminal Case"), (Docket #22). On June 18, 2015, the Court sentenced Jones to 151 months' imprisonment. Criminal Case, (Docket #50). His sentence was later adjusted. Criminal Case, (Docket #75). Jones has never filed an appeal in his criminal case. The instant motion was filed on June 26, 2017. (Docket #1).

Jones asserts four grounds for relief: 1) improper application of controlled substance offense as a career offender predicate in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016); 2) violation of due process and equal protection by applying co-defendant's actions to enhance Jones' sentence; 3) the sentencing enhancements applied to Jones were not established by clear and convincing evidence as required by *United States v. Kikumura*, 918 F.2d 1084 (3d Cir. 1990); and 4) ineffective assistance of counsel with regard to entering a plea agreement which allowed Jones' sentence to be enhanced for the uncharged conduct of a co-actor. *Id.* at 4-8.

Jones' motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the

> moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

The Court begins by addressing the timeliness of Jones' motion. 28 U.S.C. § 2255(f) provides that there is a one-year limitations period in which to file a motion seeking 28 U.S.C. § 2255 relief. That limitations period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (internal citations omitted). The current operative judgment in Jones' case was issued on December 15, 2015. Jones' motion is thus untimely on its face, having been filed more than six months after the limitations period expired.

Jones recognizes this and attempts to save each ground. As to Ground One, Jones asserts that it is timely because *Mathis* was decided only last year. The limitations period usually runs from the date of final judgment, but can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). *Mathis*, however, did not announce a new right such that Section 2255(f)(3) is triggered. *See Brooks v. United States*, No. 17-2168, 2017 WL 3315266, at *3-4 (C.D. Ill. Aug. 3, 2017)

(arriving at holding by analyzing *Mathis* under *Teague v. Lane*, 489 U.S. 288 (1989), and collecting cases in agreement). Thus, Ground One remains untimely.

As to Ground Two, Jones contends that his tardiness should be excused because "[c]ounsel did not give adequate advice or direction regarding the appeal process and failed to file a notice of appeal." (Docket #1 at 6). Similarly, for Ground Four, Jones qualifies his lateness by claiming that "I have learned that ineffective assistance claims are held for 2255 filings[,] although at the time I did not even know this." *Id.* at 9. These are, in essence, requests that the limitations period be equitably tolled. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is "'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha*, 763 F.3d at 683-84 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)).

The Seventh Circuit has recently cautioned district courts that equitable tolling is not a "chimera—something that exists only in the imagination." *Socha*, 763 F.3d at 684. Rather, despite not having approved of equitable tolling of a habeas corpus petition for many years, *see Tucker*, 538 F.3d at 734, the Seventh Circuit now notes that courts "are not free . . . to regard equitable tolling as something that exists in name only; this would render the Supreme Court's explicit approval of equitable tolling in *Holland* a nullity." *Socha*, 763 F.3d at 684 (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924,

1931 (2013)). Equitable tolling could thus save Grounds Two and Four. Though not explicitly raised by him, the Court will also permit Jones to defend Ground One on the basis of equitable tolling. In light of these potential exceptions to Jones' otherwise untimely motion, the Court is reluctant to dismiss it on timeliness grounds without the benefit of further submissions from Jones and the government. *See, e.g., Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004) ("it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition," thus, it is generally accepted that the Court should not dismiss a petition *sua sponte* on timeliness grounds, without input from the parties; also noting that the limitations period of 28 U.S.C. § 2244 "is an affirmative defense, [which] the state has the burden of" proving) (citing *Acosta v. Artuz*, 221 F.3d 117, 121–22 (2d Cir. 2000); *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J. concurring)); *see also Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012).

Accordingly, the Court will allow Jones' motion to proceed beyond this initial screening stage. Nonetheless, the petition remains on life support because it is likely time-barred. But, as just noted, that is an argument the government will have to make, after which Jones may respond. It is also possible that Jones simply does not state a claim for relief. These are issues that the government may wish to address in responding to Jones § 2255 motion.[1]

---

[1]The lack of an appeal bears on another procedural hurdle for Jones—procedural default. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). The government may raise this, and any other appropriate procedural defense, in his response to Jones' motion.

The Court has not yet mentioned Ground Three because it is inarguably meritless, so no procedural analysis is necessary. The Seventh Circuit has already rejected Jones' *Kikumura*-style claim:

> McGowan also asserts that since the district court's finding regarding the crack sales fueled the hefty sentence imposed on him, the court should have made its finding by clear and convincing evidence, not a mere preponderance, which is the normal standard of proof at sentencing. Before *United States v. Booker*, 543 U.S. 220 . . . (2005), we expressed some sympathy for the argument that a higher standard of proof should be required when a finding results in a considerable increase in a defendant's sentence. *See, e.g., United States v. Corbin*, 998 F.2d 1377, 1387 (7th Cir. 1993). But *Booker*, which made the guidelines advisory, extinguished any need for differing standards of proof. *United States v. Fisher*, 502 F.3d 293, 306 (3d Cir. 2007) (overruling *United States v. Kikumura*, 918 F.2d 1084 (3d Cir. 1990)); *United States v. Santiago*, 495 F.3d 820, 824 (7th Cir. 2007); *United States v. Reuter*, 463 F.3d 792, 793 (7th Cir. 2006).

*United States v. McGowan*, 288 F. App'x 288, 291-92 (7th Cir. 2008).

In sum, it "plainly appears from the motion…that [Jones] is not entitled to relief" on Ground Three. Rule 4(b), Rules Governing § 2255 Proceedings. That ground will stand dismissed. Grounds One, Two, and Four will proceed with briefing, but the Court warns Jones that he must pass the substantial procedural hurdles outlined above before it will consider the merits of those grounds.

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, because the Court has not dismissed the case in its entirety, it "must order the United States Attorney to file an answer, motion, or other response within a fixed time[.]" Accordingly, the Court will direct the government to file an answer to Jones' motion or appropriate motion not later than October 6,

2017. If the government files an answer, then Jones must file his reply, *see* Rule 5(d) of the Rules Governing § 2255 Proceedings, not later than November 6, 2017. Likewise, if the government files a motion in lieu of an answer, Jones will have until November 6, 2017, to file his response, and the government may reply thereto on or before November 21, 2017.

Accordingly,

**IT IS ORDERED** that, on or before **October 6, 2017**, the government shall file an answer to Petitioner's motion to vacate (Docket #1), or other appropriate motion;

**IT IS FURTHER ORDERED** that Petitioner shall file a response to the government's submission not later than **November 6, 2017**; and

**IT IS FURTHER ORDERED** that, if the government files a motion in lieu of an answer, it may file a reply brief to the petitioner's response not later than **November 21, 2017**.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge