# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSIE L. JONES,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 17-CV-884-JPS
Criminal Case No. 14-CR-226-2-JPS

**ORDER**

On June 26, 2017, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Docket #1). The Court screened the motion on September 6, 2017 and permitted Plaintiff to proceed on Grounds One, Two, and Four presented in the motion. (Docket #3 at 5). It noted, however, that the motion suffered from a number of procedural defects, including that the statute of limitations seemed to have passed and Petitioner may be in procedural default. *Id.* at 2-4. Nevertheless, given the limited review appropriate at the screening stage, the Court left it to the government to argue such procedural failings in its response to Petitioner's motion. *Id.* at 4.

On September 22, 2017, the government filed its response. (Docket #4). It argued that both of the above-identified procedural issues barred the entirety of Petitioner's motion. *Id.* Petitioner's reply, submitted on November 6, 2017, offered only one page of even arguably relevant material. (Docket #6 at 2). Petitioner contends that the statute of limitations has not expired on Ground One because it is based on the Supreme Court's *Mathis* decision, handed down on June 23, 2016. *Id.*; *Mathis v. United States*, 136 S. Ct. 2243 (2016). However, as the Court already explained in the

screening order, *Mathis* did not announce a new right such that Petitioner's one-year limitations period would run from the date of that decision. (Docket #3 at 2-3); 28 U.S.C. §2255(f); *Brooks v. United States*, No. 17-2168, 2017 WL 3315266, at *3-4 (C.D. Ill. Aug. 3, 2017). The remainder of Petitioner's reply is a merits argument related to Ground One lifted verbatim from his opening brief. *Compare* (Docket #2 at 2-6) *with* (Docket #5 at 3-7).

Petitioner thus fails to offer a meritorious response to the government's request for dismissal as to any of his grounds for relief. Though identified in the Court's screening order, and argued by the government in its response, Petitioner has chosen not to argue that the statute of limitations should be equitably tolled in his case. (Docket #3 at 3-4); (Docket #4 at 3-5). Similarly, Petitioner has not countered the government's assertion that his failure to appeal places him in procedural default. (Docket #3 at 4 n.1); (Docket #4 at 5-6).

The Court need only reach the timeliness issue to find that dismissal is warranted. The operative judgment in Petitioner's case was issued on December 15, 2015. His motion came more than six months after the applicable one-year limitations period expired. 28 U.S.C. § 2255(f). Without an application of equitable tolling, the Court must conclude that Petitioner's motion was filed too late. His motion must, therefore, be dismissed.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As explained above, no reasonable jurist would debate whether Petitioner's motion should be decided differently; as a consequence, the Court must deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this

deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of November, 2017.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge